## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **RYAN CROSBY** | ) | CASE NO. |
| 2596 Quarry Lake Drive | ) | |
| Columbus, Ohio 43204 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **STINGRAY PRESSURE PUMPING, LLC** | ) | **COMPLAINT** |
| c/o Statutory Agent | ) | |
| Corporation Service Company | ) | **(Jury Trial Requested)** |
| 50 West Broad Street | ) | |
| Suite 1330 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now comes Plaintiff, Ryan Crosby ("Plaintiff"), through counsel, and for his Complaint against Stingray Pressure Pumping, LLC ("Defendant"), states and alleges the following:

### INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of misclassifying Plaintiff and other similarly-situated employees as "exempt" employees, and not paying them overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they work over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

{00980872-1}

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered in this District and Division, Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4.      Plaintiff is a citizen of the United States and a resident of Franklin County, Ohio.

5.       At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6.      At all times relevant herein, Defendant maintained its headquarters in Belmont County, Ohio, and conducted business throughout several states, including Ohio, Pennsylvania, and West Virginia.

7.      At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8.      At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9.      At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10.      At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11.      Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12.     Defendant is a hydraulic fracturing business performing "fracking" operations in which water, sand, and other elements are injected into rock formations in order to release energy resources.

13.     Defendant performs its business throughout the multistate "Utica Shale" region.

14.     Plaintiff was employed by Defendant between approximately February 2014 and October 2016.

15.     Plaintiff and other similarly-situated employees were employed by Defendant as "Field Engineers."

16.     Plaintiff was employed by Defendant at its St. Clairsville, Ohio location and worked throughout the Southeastern Ohio region.

17.     Other similarly-situated employees were employed by Defendant in the same or similar capacities throughout the domestic geographic territory of Defendant's work.

18.     Plaintiff and other similarly-situated Field Engineers were paid a salary wage, and were classified by Defendant as "exempt" from the FLSA's overtime requirements.

19.     The primary duty of Plaintiff and other similarly-situated salaried Field Engineers was to monitor information on screens, print out forms, and organize paperwork.

20.     Plaintiff and other similarly-situated salaried Field Engineers did not engage in management.

21.     Plaintiff and other similarly-situated salaried Field Engineers did not customarily and regularly direct the work of two or more other employees.

22.     Plaintiff and other similarly-situated salaried Field Engineers did not have the authority to hire or fire other employees and their suggestions and/or recommendations as to the

hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

23.     Plaintiff and other similarly-situated salaried Field Engineers did not perform office or non-manual work directly related to the management or general business operations of Defendant or Defendant's customers.

24.     Plaintiff and other similarly-situated salaried Field Engineers did not exercise of discretion and independent judgment with respect to matters of significance.

25.     Plaintiff and other similarly-situated salaried Field Engineers did not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

26.     Plaintiff and other similarly-situated salaried Field Engineers did not perform work that required invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

27.     Plaintiff and other similarly-situated salaried Field Engineers were required to regularly work over 40 hours a week, but Defendant failed to pay them overtime compensation for the hours they worked over 40 in a workweek.

28.     Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated salaried Field Engineers overtime compensation for the hours they worked over 40 in a workweek.

29.     Defendant failed to make, keep and preserve records of the hours worked by Plaintiff and other similarly-situated salaried Field Engineers.

30.     As a result of Defendant's record-keeping practices, the work performed by Plaintiff and other similarly-situated salaried Field Engineers is unrecorded in Defendant's time

and earnings records.

## COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. §
216(b), and on behalf of all other persons similarly situated who have been, are being, or will be
adversely affected by Defendant's unlawful conduct.

32.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right
to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a
member, is composed of and defined as follows:

> All former and current salaried Field Engineers employed by
> Stingray Pressure Pumping, LLC nationwide at any time between
> January 26, 2014 and the present.

33.     Plaintiff is unable to state at this time the exact size of the potential class, but upon
information and belief, avers that it consists of at least twenty persons.

34.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §
216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and
costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are
similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff
is representative of those other employees and is acting on behalf of their interests as well as his
own interests in bringing this action.

35.     These similarly-situated employees are known to Defendant and are readily
identifiable through Defendant's payroll records.  These individuals may readily be notified of this
action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively
adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees
and costs under the FLSA.

## COUNT ONE

### (Fair Labor Standards Act Violations)

36.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.     Defendant's practice and policy of misclassifying Plaintiff and other similarly-situated salaried Field Engineers as exempt violated the FLSA, 29 U.S.C. §§ 201-219.

38.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated salaried Field Engineers overtime compensation at a rate of one and one-half times their regular rate of pay for the hours they work in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

39.     By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

40.     As a result of Defendant's practices and policies, Plaintiff and other similarly-situated salaried Field Engineers have been damaged in that they have not received wages due to them pursuant to the FLSA.

41.     Plaintiff and other similarly-situated salaried Field Engineers were denied additional overtime compensation based on bonuses that should have been included in the calculation of their regular rates of pay pursuant to the FLSA, 29 U.S.C. § 207 and 29 CFR § 778.209(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all those similarly situated salaried Field Engineers collectively pray that this Honorable Court:

A.      Issue an order permitting this litigation to proceed as a collective action;

B.      Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.      Award Plaintiff and the class he represents actual damages for unpaid overtime compensation;

D.      Award Plaintiff and the class he represents liquidated damages in an amount equal to the unpaid overtime compensation found due to Plaintiff and the class;

E.      Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F.      Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G.      Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

| COHEN ROSENTHAL & KRAMER LLP | McCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., L.P.A. |
|---|---|
| /s/ Jason R. Bristol | /s/ Jack E. Moran |
| Jason R. Bristol (0072989) | Jack E. Moran (0087272) |
| jbristol@crklaw.com | jem@mccarthylebit.com |
| The Hoyt Block Building – Suite 400 | 101 West Prospect Ave., Suite 1800 |
| 700 West St. Clair Avenue | Cleveland, Ohio 44115 |
| Cleveland, Ohio 44113 | 216-696-1422 [Telephone] |
| 216-781-7956 [Telephone] | 216-696-1210 [Facsimile] |
| 216-781-8061 [Facsimile] | |

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.


                /s/ Jason R. Bristol
                One of the Attorneys for Plaintiff