# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **RYAN CROSBY,** *on behalf of himself and all others similarly situated*  Plaintiff,  v.  **STINGRAY PRESSURE PUMPING, LLC**  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 2:17-cv-00080  JUDGE EDMUND A. SARGUS  MAGISTRATE JUDGE CHELSEA M. VASCURA |

## JOINT MOTION TO APPROVE COLLECTIVE ACTION SETTLEMENT

Plaintiff Ryan Crosby ("Representative Plaintiff"), on behalf of himself and all individuals who have opted-in to this lawsuit (collectively, "Plaintiffs"), and Defendant Stingray Pressure Pumping, LLC, respectfully move this Court to approve the proposed Settlement reached by the parties and memorialized in the Confidential Settlement Agreement and Mutual Release of Claims ("Settlement"), attached as Exhibit A. The settlement seeks to resolve claims of the Plaintiffs, who have asserted wage-and-hour claims against Defendant under the Fair Labor Standards Act ("FLSA").

The parties respectfully submit that the proposed Settlement between Defendant and Plaintiffs is fair and reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during negotiations among the parties, conducted by experienced counsel, with the assistance of a highly-skilled United States Magistrate Judge. If approved by the Court, the Settlement will make substantial settlement payments to Plaintiffs.

The settlement documents submitted for approval or entry by the Court consist of the following:

Exhibit A: Confidential Settlement Agreement and Mutual Release of Claims

Exhibit B: Stipulated Order and Final Judgment

Exhibit C: Declaration of Jason R. Bristol

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distribution of settlement proceeds.

## I. THE ACTION

On January 26, 2017, Representative Plaintiff commenced this Action on behalf of himself and all others similarly situated. Representative Plaintiff alleged that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay its Field Engineer employees overtime pay at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. Defendant answered the Complaint and denied any liability or wrongdoing of any kind.

On May 26, 2017, the parties stipulated to conditional certification of this case on behalf of a class of Field Engineers. On or around June 5, 2017, Representative Plaintiff's counsel mailed notice to approximately 30 potential plaintiffs, providing each individual with the option to complete and return a consent form and thereby opt into the Action as a party plaintiff. Five Field Engineers ultimately opted in as party Plaintiffs, in addition to Representative Plaintiff Ryan Crosby.

## II. THE NEGOTIATIONS

The Parties engaged in a full-day mediation on August 20, 2018 with Magistrate Judge Chelsey M. Vascura. Representative Plaintiff Ryan Crosby and Opt-In Plaintiff Kevin Jewel represented the class and participated in the mediation. At the conclusion of the all-day mediation, the Parties reached an agreement to resolve this action on the terms for which they are now seeking approval. This mediation was the second mediation between the parties having mediated with retired Magistrate Judge Terrance P. Kemp during settlement week in the Spring of 2018 without success. The parties also made several attempts to resolve the case on their own to no avail. The Parties' Settlement is the product of extensive arms-length and good-faith negotiations.

## III. THE SETTLEMENT TERMS

If approved by the Court, the Settlement will cover the six Plaintiffs (Ryan Crosby, Kevin Jewell, Joseph Zitarelli, Vincent Tarquinio, Gerrett Henry, and Chancell Condie), each of whom: (a) are within the class definition set forth in the Notice to Potential Class Members stipulated to by the parties and issued to the Class on June 5, 2017 (the "Notice"); (b) either submitted a valid consent form during the notice period or previously opted into this Action; and (c) worked as a Field Engineer for one or more workweeks during their respective three-year statute of limitations periods.

The Settlement Payment is described in Paragraph 1 of Exhibit A. It includes payments to all Plaintiffs; a payment to Representative Plaintiff Ryan Crosby and Opt-In Plaintiff Kevin Jewell as a Service Award in recognition of their services in filing and pursuing the lawsuit and securing the settlement from which Plaintiffs are benefitting; and a payment to Plaintiffs' Counsel for attorneys' fees and expenses incurred in the Action.

In exchange, the Action will be dismissed and Plaintiffs will release Defendant from any

3

and all applicable federal and state wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, whether known or unknown, pursuant to the FLSA and applicable state laws.

### IV. THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the Declaration of Jason R. Bristol, attached as Exhibit C, and as explained below, Court approval is warranted on all scores.

#### A. The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

4

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3.

Here, the seven-factor standard supports approval of the Settlement.  Plaintiffs' Counsel have extensive experience litigating FLSA claims and there is no fraud or collusion.  The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming.

The Parties engaged in substantial investigation and discovery prior to and during the negotiations, and the issues are well understood.  Over the past year, this action was heavily litigated by both sides.  The parties took 7 depositions, prepared to take five more, and served and exchanged extensive written discovery.  Tens of thousands of documents were reviewed and produced by the Parties.  Needless to say, hundreds of attorney hours have gone into the litigation this case.

Moreover, the outcome is uncertain for Plaintiffs, and the risks of continued litigation are evident for both sides.  The opinions of experienced counsel on both sides support the Settlement, as does the Representative Plaintiff.

**B.     The Settlement Distributions Are Fair, Reasonable and Adequate**

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable."  *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999).  The Settlement Amount, after deduction of the Service Award to Representative Plaintiff and attorneys' fees and expense reimbursements to

Plaintiff's Counsel, will be distributed to Plaintiffs in Individual Payments, comprised of a payment for unpaid wages/overtime and a payment of liquidated damages.

The method of calculation is reasonable and appropriate. The Individual Payments are calculated in proportion to the number of workweeks each Plaintiff worked as a Field Engineer during his or her respective limitations period. The Individual Payments have been calculated by Plaintiffs' Counsel, agreed upon by Defendants' Counsel, and are provided in Appendix 1 to the Confidential Joint Stipulation of Settlement and Release.

### 1) The Individual Payments Are Reasonable and Adequate

The Individual Payments to Plaintiffs are fair, reasonable and adequate given that the range of possible recovery is open to dispute. First, the Parties dispute the number of hours Plaintiffs worked. Defendants believe Plaintiffs worked 50 - 60 hours a week on average, while Plaintiffs believe they worked an average of 100 hours per week.

Second, the Parties dispute the applicability of various exemptions to the FLSA's overtime requirements. Specifically, Defendants argue that Plaintiffs were subject to the Administrative Exemption, Professional Exemption, and Highly Compensated Employee Exemption. Plaintiffs, by contrast, contend that Defendants did not meet the regulatory requirements for application of any FLSA exemption. There is a genuine dispute about whether the regulatory requirements of any FLSA exemption are met and the impact of those regulatory requirements on the Plaintiffs' claims and damages calculation.

The Individual Payments to be made to Plaintiffs represent a substantial percentage of recoverable wages and liquidated damages. Plaintiffs sought to recover approximately $596,668.90 in back overtime pay over the three-year limitations period, exclusive of liquidated damages and attorneys' fees. Defendants maintained that, based on this proposed calculation

method, the amount of potentially recoverable back overtime pay was much lower. In either case, the amounts paid to the Plaintiffs represent a substantial recovery. Accordingly, the settlement proceeds are fair, reasonable and adequate.

### 2) The Service Awards are Proper and Reasonable

Service awards to representative plaintiffs recognizing the value of their services on behalf of other participants are proper. *In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366, 373 (S.D. Ohio 1990). In this Circuit, service awards to representative plaintiffs are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing case and advising counsel in prosecution of case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997).

Here, the proposed Service Awards are proper and reasonable. Representative Plaintiff Ryan Crosby provided effective assistance to Plaintiff's Counsel throughout the course of this matter, including attending all court-ordered conferences, travelling to Cleveland for his deposition, and travelling to Columbus for mediation. Moreover, his service in filing and pursuing the lawsuit have secured the settlement from which Plaintiffs are benefitting. The proposed Service Award to Ryan Crosby was well-earned.

The service award to Opt-In Plaintiff Kevin Jewell is also warranted and well deserved. Throughout the litigation Representative Plaintiff Ryan Crosby and Opt-In Plaintiff Kevin Jewell operated as a team. The two initially researched the law and identified counsel to represent the class. Mr. Jewell educated counsel on the process of hydraulic fracturing. He participated in numerous calls and meetings regarding damages, and was invaluable during the discovery process. Mr. Jewell also travelled to Cleveland for his deposition, and represented the class during the

complex settlement negotiations. In fact, Mr. Jewell worked diligently with Magistrate Vascura during the mediation that ultimately resolved the case. The Court should approve the well-earned service awards.

### 3) Plaintiff's Counsel's Fees and Expenses Are Proper and Reasonable

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

In *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley,* 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)).

*Fegley* was followed in *Bessey v. Packerland Plainwell, Inc*. 2007 WL 3173972 (W.D. Mich. 2007), in which the district court approved a one-third attorneys' fee in an FLSA settlement very much like the one presented here. Fulfilling *Fegley*'s emphasis on "encourage[ing] the vindication of congressionally identified policies and rights," the *Bessey* court found "the percentage of fund method is the proper method in this case for compensating Plaintiff's counsel" because "it rewards counsel for taking on a case which might not otherwise be economically feasible." *Bessey*, 2007 WL 3173972, at *4 (citing *Rawlings v. Prudential Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993) (the district court "must make sure that [class] counsel is fairly compensated for the amount of work done as well as for the results achieved" and "the percentage

of the fund method more accurately reflects the results achieved"). *Accord, In re Revco Securities Litigation*, Fed. Sec. L. Rptr. ¶ 96,956, at 94,069 (N.D. Ohio 1993).

The *Bessey* court considered the comparative data about Rule 23 class settlements summarized in *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000), *discussed in Bessey*, 2007 WL 3173972, at *4:

> The most complete analysis of fee awards in class actions conducted to date was conducted by the National Economic Research Associates, an economics consulting firm. The data is reported at Frederick C. Dunbar, Todd S. Foster, Vinita M. Juneja, Denise N. Martin, Recent Trends III: What Explains Settlements in Shareholder Class Actions? (NERA, June 1995) (hereinafter "NERA Study"). <u>This data indicates that regardless of size, attorneys' fees average approximately 32% of the settlement</u>.

*Shaw*, 91 F. Supp. 2d at 988 (citing NERA Study at 7 & Exh. 12) (emphasis added).

The NERA Study relied upon in *Shaw* and *Bessey* showed the average result achieved for class members was only 7% to 11% of claimed damages. Measured against that standard, the Settlement in the present case is exemplary. Plaintiffs sought to recover $596,668.90 in back overtime pay, exclusive of liquidated damages and attorneys' fees. Defendants maintained that, based on its proposed calculation method, the amount of potentially recoverable back overtime pay was lower. The attorneys' fees requested are reasonable in light of the exceptional benefit achieved for Plaintiffs.

Finally, plaintiffs in this action each opted in to the class prior to the Notice and have acknowledged and consented that, pursuant to the fee arrangement with Representative Plaintiff, class counsel would receive a fee of forty percent (40%). In light of the amount of attorney time, effort, and complexity, as well as the exemplary result when compared to the average result of these cases, the attorney fee is reasonable.

The litigation expenses sought to be reimbursed are proper and reasonable. All such expenses were incurred in the course of these actions for the purpose of preserving, proving, and presenting the claims of Plaintiffs.

## V. CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment attached as Exhibit B.

Respectfully submitted,

| **COHEN ROSENTHAL & KRAMER LLP** | **McCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., L.P.A.** |
|---|---|
| /s/ Jason R. Bristol | /s/ Jack E. Moran |
| Jason R. Bristol (0072989) | Jack E. Moran (0087272) |
| jbristol@crklaw.com | jem@mccarthylebit.com |
| Joshua B. Fuchs (0087066) | 101 West Prospect Ave., Suite 1800 |
| jfuchs@crklaw.com | Cleveland, Ohio 44115 |
| 3208 Clinton Avenue | 216-696-1422 [Telephone] |
| 216-781-7956 [Telephone] | 216-696-1210 [Facsimile] |
| 216-781-8061 [Facsimile] | |

Attorneys for Plaintiff

| **HALL, ESTILL, HARDWICK, GABLE GOLDEN & NELSON** | **THOMPSON HINE, LLP** |
|---|---|
| /s/ Kristen P. Evans | /s/ Stephanie Chmiel |
| Steven A. Broussard (*pro hac vice*) | Stephanie Chmiel, Ohio Bar No. 0087555 |
| Kristen P. Evans (*pro hac vice*) | 41 South High Street, Suite 1700 |
| 320 S. Boston Avenue, Suite 200 | Columbus, OH 43215 |
| Tulsa, Oklahoma 74103 | Telephone: (614) 469-3247 |
| Telephone: (918) 594-0400 | Facsimile: (614) 469-3361 |
| Facsimile: (918) 594-0505 | Stephanie.chmiel@thompsonhine.com |
| sbroussard@hallestill.com | |
| kevans@hallestill.com | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

    /s/ Jason R. Bristol
One of the Attorneys for Plaintiff